# Banks *et al. v.* Jones *et al.*

*Bill in Equity for Construction of Will, Account, &c.*

1. *Devise to "family of deceased son" during widowhood of his widow, with limitation over to his sons.*—Under a bequest and devise of lands and slaves "to the family of my deceased son Felix," consisting of his widow Sarah, two sons, and a daughter, with a direction that the property "shall be kept together and managed by the executors, during the widowhood of the said Sarah, for the benefit of herself and children ; but, in the event of her marriage, she is to receive a child's part of the negroes," with some other personal property, "which property shall be hers for and during her natural life," but with a restriction against the removal of the slaves from the State ; followed by these words :  "The land devised for the benefit of the family of my deceased son Felix,I give to my grandsons, Benjamin and Francis," the sons of Felix, "to be equally divided between them when the younger shall arrive at the age of twenty-one years ; the said land, however, to be used for the benefit of the widow and all her children, subject to the conditions before mentioned.  My grand-daughter Alice," the daughter of Felix, "shall be entitled to receive an

equal portion of the negro property, when she arrives at the age of twenty-one years, or marries ; the whole property to be held and kept together, for the joint benefit of the family, unless the widow should marry, and then for the benefit of the three children,'—*held*, that the fee to the lands vested in the two grandsons, Benjamin and Francis ; and that Alice took no interest therein, except in the use and enjoyment as a member of the family, during the widow-hood of her mother, and subsequently during her own continued minority.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 10th August, 1870, by Robert W. Banks and his wife, Mrs. Alice Clay Banks (formerly Sherrod), the daughter of Felix A. M. Sherrod, deceased, against Richard Jones, Joseph Wheeler and wife, and others ; and sought a judicial construction of the will of Benjamin Sherrod, deceased, who was the grandfather of Mrs. Banks, an account, and general relief. Benjamin Sherrod died, in said county of Lawrence, in 1847 ; and his last will and testament was there admitted to probate soon afterwards. Said will contained a clause, the proper construction of which is the principal subject of controversy in this case, in the following words : "At the end of the year in which the payment of all the debts due by me, and chargeable to my estate, shall be completed, I will that my real and personal property, of every description, be divided as hereinafter directed ; and upon such division, I devise to the family of my deceased son, Felix A. M. Sherrod, the plantation purchased of John T. Hickman, John Glass, and others, and known as the 'Pond Spring plantation ;' also, all the horses, mules, cattle, sheep, hogs, plantation utensils, &c., that may be on said plantation at the time of my death, together with the following negroes (subject to the hereinafter provisions)," specifying the names of the negroes. "During the widowhood of my daughter-in-law, Sarah Sherrod, the property devised to the family of my deceased son, Felix A. M. Sherrod, shall be kept together and managed by my executors, for the benefit of herself and children ; but, in the event of her marriage, she is to receive a child's part of the negroes, devised as aforesaid, together with the household and kitchen furniture, and the carriage and horses ; which property shall be hers, for and during her natural life, provided the negroes are not removed from this State ; in which event, she forfeits her life-estate, and my executors are to take the necessary steps to recover the property, for the use of her children by her first husband. The land devised for the benefit of the family of my deceased son, Felix A. M. Sherrod, I give to my grandsons, Benjamin and Francis Edwin Sherrod, to be equally divided between them when the youngest shall arrive at the age of twenty-one

[Banks et al. v. Jones et al.]

years; the said land, however, to be used for the benefit of the widow and all her children, subject to the conditions before mentioned. My grand-daughter, Alice Clay Sherrod, shall be entitled to receive an equal portion of the negro property, when she arrives at the age of twenty-one, or marries; the whole property to be held and kept together, for the joint benefit of the family, unless the widow should marry, and then for the benefit of the three children."

The family of Felix A. M. Sherrod, provided for in the clause of the testator's will above copied, consisted of his widow, Mrs. Sarah Sherrod, and their three children, Benjamin, Francis Edwin, and Alice Clay. Mrs. Sherrod never married again, and died in September, 1861. Benjamin Sherrod, the oldest son, who was born in 1836, died in July, 1861; and his widow married Joseph Wheeler in 1866, or 1867. Francis E. Sherrod, the youngest son of said Felix, was born on the 25th December, 1837, and died some time during the year 1863. Alice Clay Sherrod, as the bill alleged, " was born in the year 1844, and attained the age of twenty-one years in 1865 ; and she did not marry until the year 1869, when she was married to her co-complainant, Robert W. Banks." On the 12th of February, 1859, after said Francis E. Sherrod had attained his majority, he sold and conveyed his entire interest in the Pond Spring plantation to his brother, Benjamin Sherrod ; and on the 10th December, 1860, said Benjamin Sherrod sold and conveyed an undivided half interest in said lands to Richard Jones, who was his wife's father ; and said Jones afterwards purchased the other undivided interest, at a sale made by the administrator of the estate of said Benjamin Sherrod, under a decree of the Probate Court. On the division of the testator's estate, after the payment of his debts, as provided by his will, the said plantation went into the possession of Mrs. Sarah Sherrod and her children ; and it seems to have been managed and cultivated for them by the executors, the guardian of the infant children, and a trustee under the appointment of the Chancery Court, until after the death of Mrs. Sarah Sherrod. Mrs. Banks claimed that she was entitled to an equal interest with her two brothers in these lands ; and the bill alleged that there had never been a settlement of the trust in the lands created by the will, that Jones bought with knowledge of the trust, that the estates of both Benjamin and Francis Sherrod were and had been declared insolvent, and that the lands were chargeable with whatever balance might be found due to Mrs. Banks.

On final hearing, on pleadings and proof, the chancellor held that Mrs. Banks, under the terms of the will, took no

interest in the lands, except the use and enjoyment thereof, as a member of the family, during the life of her mother and her own minority. He therefore dismissed the bill, and his decree is now assigned as error.

D. P. LEWIS, with E. H. FOSTER, for appellants.

THOS. H. WATTS, with J. WHEELER, *contra*.

STONE, J.—The arguments of counsel for appellants present but a single question for our investigation, and we propose to confine our decision to that one question. Does the will of Benjamin Sherrod give to Alice Clay Sherrod, now Mrs. Banks, any interest in fee, or beyond her minority, in the lands in controversy? The clause of the will which bears on this question is in the following language :

"I devise to the family of my deceased son, Felix A. M. Sherrod, the plantation purchased of John T. Hickman, John Glass, and others, known as the Pond Spring plantation" (and many slaves and other personal property not involved in this suit). "During the widowhood of my daughter-in-law, Sarah Sherrod, the property devised to the family of my deceased son, Felix A. M. Sherrod, shall be kept together and managed by my executors for the benefit of herself and children ; but, in the event of her marriage, she is to receive a child's part of the negroes devised as aforesaid, together with the household and kitchen furniture, and the carriage and horses ; which property shall be hers for and during her natural life, provided the negroes are not removed from this State ; in which event, she forfeits her life-estate, and my executors are to take the necessary steps to recover the property for the use of her children by her first husband. The land devised for the benefit of the family of my deceased son, Felix A. M. Sherrod, I give to my grandsons, Benjamin and Francis Edwin Sherrod, to be equally divided between them when the youngest shall arrive at the age of twenty-one years ; the said land, however, to be used for the benefit of the widow and all her children, subject to the conditions before mentioned. My grand-daughter, Alice Clay Sherrod, shall be entitled to receive an equal portion of the negro property when she arrives at the age of twenty-one years or marries ; the whole property to be held and kept together for the joint benefit of the family, unless the widow should marry, and then for the benefit of the three children."

The different clauses of the extract above given are not so reconcilable as to give to each complete and independent operation. The general intent was to give to the family of

the deceased son, Felix A. M. Sherrod, a support, and, to this end, testator directed that the property, real and personal, " be kept together and managed by (his) executors." But this direction was not without limit in duration.   It was to be during the widowed life of his daughter-in-law, Sarah Sherrod.   When that ceased, either by her marriage or death, then this use, or servitude, as declared in this clause, was to cease.   To hold otherwise would be to declare that the following clause is meaningless and nugatory, viz.: "The land devised for the benefit of the family of my deceased son, Felix A. M. Sherrod, I give to my grandsons, Benjamin and Francis Edwin Sherrod, to be equally divided between them when the youngest shall arrive at the age of twenty-one years."   Why divide the land between the two sons, if they and their sister were to be equally interested in the fee ?   If it was intended that the sister was to have an equal interest with her brothers in the land, why not say so, and not leave it to be inferred from a doubtful and ambiguous clause ?  Why say the plantation and personal property shall be *kept together* and *worked* for the *benefit* of the widow and children, and then employ the strong word *give*, when the youngest son becomes of age? and, lastly, why say that " Alice Clay Sherrod shall be entitled to receive an equal portion of the *negro* property, when she arrives at the age of twenty-one years or marries," if the intention was that she should receive an equal portion of both real and personal property ? We think the conclusion of the clause copied above, in reference to the division of the land, strengthens the view that the sons alone were to own the land.   Its language is : "the said land, however, to be used for the benefit of the widow and all her children, subject to the conditions before mentioned."   The conditions before mentioned were, that the widow should not marry again ; for, if she did, then her right to share in the use and benefit of the land would cease.   The plain meaning of this clause is, that notwithstanding the division and gift to the sons, when the youngest become of age, the family, if the mother remained unmarried and in life, was to share jointly in the use and benefit of the land.   This was a use and enjoyment carved out of the fee, or made a charge upon it, if the contingency happened.

The last clause is relied on, as showing that Alice Clay was to have a permanent interest in the land.   This comes immediately after the clause giving to her an equal portion of the negro property, when she arrives at the age of twenty-one years or marries, and is in the following language : "the whole property to be held and kept together for the joint benefit of the family, unless the widow should marry, and

(39)

[Vandeventer & Co. v. Ford & Moseley.]

then for the benefit of the three children." We can not think this was intended to neutralize and destroy the two clauses of the will we have commented on above ; namely, the clause which provides for the division of the land between the two sons, when the youngest should reach the age of twenty-one, and the clause which gives to Alice Clay an equal share in the slaves, when she should attain the age of twenty-one years. These clauses are clearly expressed ; and to hold that the property, real and personal, was to be kept and worked together for the common benefit, for an indefinite time, would be to leave to them no operation or effect. For, why divide the land between the two sons, and why set apart an equal share of the slaves to the daughter, if no change in the use and ownership of the property was to be thereby effected ?

We think this clause was inserted, merely for the purpose of carrying out the general intent of the will; namely, to provide for the common and united support of the family, so long as it remained one by the continued life and widowhood of Mrs. Sarah Sherrod, the widow of Felix A. M. Sherrod ; and afterwards, during the minority of Alice Clay, should her mother die, or again marry, during that time. This construction gives operation to all the clauses, expunges none of the words of the bequest, and we adopt it as the true construction of this clause of the will.

There is no claim or proof, in this record, that the property was not kept together, and worked as the will directs, until after the death of Mrs. Sherrod, and until after Alice Clay reached the age of twenty-one years ; and we hold, that whatever interest the will gave her, in the use and products of the lands, was clearly at an end at the happening of the last of those two events.

We fully concur in the views and conclusions of the chancellor, and his decree is affirmed.